IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

SITO MOBILE R&D IP, LLC, and
SITO MOBILE, LTD.,

                           Plaintiffs,

          v.

FLOSPORTS, INC.,

                           Defendant.

Case No. 6:20-cv-00471

Jury Trial Demanded

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs SITO Mobile R&D IP, LLC and SITO Mobile, Ltd. (collectively "SITO"),
by and through its undersigned counsel, files this Complaint against FloSports, Inc.
("FloSports") for patent infringement of United States Patent Nos. 9,026,673; 9,135,635;
9,135,636; 9,350,777; 9,380,088; 10,009,637 and 10,171,846 (collectively, the "patents-in-
suit") and alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of
the United States, 35 U.S.C. §§ 1 *et seq.*

## THE PARTIES

2.      Plaintiff SITO Mobile R&D IP, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 100 Town Square Place, Suite 204, Jersey City, New Jersey 07310.

3.      Plaintiff SITO Mobile, Ltd. is a company organized and existing under the laws of the State of Delaware with its principal place of business located at 100 Town Square Place, Suite 204, Jersey City, New Jersey 07310.

4.      On information and belief, Defendant FloSports, Inc. is a company organized and existing under the laws of the State of Delaware with a place of business located at 979 Springdale Road, Suite 120, Austin, Texas 78702. FloSports may be served with process through its registered agent for service in Texas: Registered Agents Inc., 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

5.      On information and belief, since at least August 2014, FloSports has been registered to do business in the State of Texas under Texas SOS File Number 0802048073.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

7.      FloSports is subject to this Court's personal jurisdiction in accordance with due process and/or the Texas Long Arm Statute because, in part, FloSports "[r]ecruits

Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state." *See* Tex. Civ. Prac. & Rem. Code § 17.042.

8.      This Court has personal jurisdiction over FloSports because FloSports (directly and/or through its subsidiaries, affiliates, or intermediaries) has committed and continues to commit acts of infringement in this judicial district in violation of at least 35 U.S.C. § 271(a).

9.      This Court also has personal jurisdiction over FloSports because FloSports has sufficient minimum contacts with this forum as a result of business conducted within the State of Texas and this judicial district. In particular, this Court has personal jurisdiction over FloSports because, *inter alia*, FloSports, on information and belief: (1) has substantial, continuous, and systematic contacts with this State and this judicial district; (2) owns, manages, and/or operates facilities in this State and this judicial district; (3) enjoys substantial income from its operations and sales in this State and this judicial district; (4) employs Texas residents in this State and this judicial district; and (5) solicits business and markets products, systems and/or services in this State and this judicial district including, without limitation, related to the accused instrumentalities.

10.      FloSports has purposefully availed itself of the privileges of conducting business within this judicial district, has established sufficient minimum contacts with this judicial district such that it should reasonably and fairly anticipate being hauled into court in this judicial district, has purposefully directed activities at residents of this

judicial district, and at least a portion of the patent infringement claims alleged in this Complaint arise out of or are related to one or more of the foregoing activities.

11.    Venue is proper in this judicial district pursuant to 28 U.S.C. § § 1391(b)-(d) and/or 1400(b). FloSports is registered to do business in the State of Texas, maintains a regular and established place of business within this judicial district, and has committed acts of infringement in this judicial district.

12.    On information and belief, FloSports maintains a significant physical presence in this judicial district.

13.    On information and belief, FloSports operates multiple corporate offices in this judicial district, and these offices constitute regular and established places of business: 979 Springdale Road, Suite 120, Austin, Texas 78702; 2922 E. Cesar Chavez Street, Austin, Texas 78702 (collectively, "Austin Offices").   On information and belief, FloSports employs hundreds of people in its Austin Offices.[1]

14.    On information and belief, FloSports has H-1B labor condition applications for people employed in Austin, Texas.[2] Employees holding an H-1B visa are employed in a specialty occupation that requires "theoretical and practical application of a body of highly specialized knowledge . . . and attainment of a

---

[1] *FloSports Closes $47 Million in Funding to Broaden Coverage in New and Existing Sports*, FLOSPORTS NEWS (June 3, 2019), https://www.flosports.tv/2019/06/03/flosports-closes-47-million-in-funding-to-broaden-coverage-in-new-and-existing-sports/

[2] https://h1bsalary.online/index.php?searchtext=FLOSPORTS+INC&year=&minsalary=&state=&worksite_city=&job_title=.

4

bachelor's or higher degree in the specific specialty." *See generally* 8 U.S.C. § 1184.  As such, FloSports employees in Austin, Texas are highly specialized and important to the operation of FloSports.

15.     FloSports has listed job openings on its website for positions in this judicial district.

## FLOSPORTS VIDEO STREAMING SERVICE

16.     FloSports offers a subscription-based streaming service that provides on-demand and live video programming over the Internet.[3] On information and belief, FloSports currently has over 300,000 active users.[4]

17.     FloSports' streaming service offers "over 200,000 sports competitions live or on demand, with exclusive, behind-the-scenes coverage and original programming for over 25 different sports."[5]

18.     FloSports subscribers can access its services through, for example, a computer, smart phone, tablet, smart TV (e.g., Vizio, LG, Samsung) and/or streaming player (e.g., Apple TV, Amazon Fire TV, Roku, Chromecast).[6] FloSports subscribers can

---

[3] https://www.flosports.tv/

[4] Danni Santana, *FloSports Pushing Forward with Media Rights Acquisition Strategy*, FRONT OFFICE SPORTS (Apr. 17, 2020), https://frntofficesport.com/flo-sports-media-acquisition-strategy/

[5] https://www.flosports.tv/

[6] *FloSports Announces Launch of New Apps*, FLOSPORTS NEWS (June 13, 2019), https://www.flosports.tv/2019/06/13/flosports-announces-launch-of-new-apps/; *see also* https://www.flosports.tv/.

download FloSports apps to their mobile devices from Google Play and Apple's App Store.[7]

19.     FloSports offers a variety of subscription plans starting at $12.49/month, which includes advertisements.[8]

20.     FloSports streams videos using a network(s) of servers ("FloSports Streaming Platform"). On information and belief, FloSports uses HTTP Live Streaming (HLS) protocol to stream video content. HLS is an HTTP-based adaptive bitrate streaming technique that enables high quality streaming of media content over the Internet from web servers. A copy of the HLS standards documents is attached hereto as Exhibit 1.

21.     With HLS, a video may be broken up into thousands of small HTTP-based file segments. Each segment contains a short interval of playback time of the video. The segments are encoded at a variety of different bit rates (speeds). After a subscriber selects a video to stream, the media player on the subscriber device is provided with a file that informs the player, amongst other things, how to obtain the segments sequentially and how to handle ad breaks (if any). As the video is playing, the subscriber device determines the bit rate that it can handle and requests a segment(s) encoded at that bit rate. The player plays the segments in sequential order and

---

[7] *See, e.g.,*  https://play.google.com/store/apps/details?id=tv.flosports&hl=en_US; https://apps.apple.com/us/app/flosports-watch-live-sports/id1149210891.

[8] https://www.flosports.tv/join-now/#Subscription; https://www.flosports.tv/wp-content/uploads/2020/04/2020-FloSports-Ad-Specs-Media-Kit.pdf

continuously requests segments until the player has received all of the segments that make up the video.

22.     The screen capture of FloLive (below) illustrates various display resolution options for the media player. As such, on information and belief, the FloLive video content is encoded at different bit rates.



## THE PATENTS-IN-SUIT

### United States Patent No. 9,026,673

23.     On May 5, 2015, the USPTO duly and legally issued United States Patent No. 9,026,673 ("the '673 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

24.     The '673 patent is presumed valid under 35 U.S.C. § 282.

25.     SITO owns all rights, title and interest in the '673 patent.

**United States Patent No. 9,135,635**

26.     On September 15, 2015, the USPTO duly and legally issued United States Patent No. 9,135,635 ("the '635 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

27.     The '635 patent is presumed valid under 35 U.S.C. § 282.

28.     SITO owns all rights, title and interest in the '635 patent.

**United States Patent No. 9,135,636**

29.     On September 15, 2015, the USPTO duly and legally issued United States Patent No. 9,135,636 ("the '636 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

30.     The '636 patent is presumed valid under 35 U.S.C. § 282.

31.     SITO owns all rights, title and interest in the '636 patent.

**United States Patent No. 9,350,777**

32.     On May 24, 2016, the USPTO duly and legally issued United States Patent No. 9,350,777 ("the '777 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

33.     The '777 patent is presumed valid under 35 U.S.C. § 282.

34.     SITO owns all rights, title and interest in the '777 patent.

**United States Patent No. 9,380,088**

35.     On June 28, 2016, the USPTO duly and legally issued United States Patent No. 9,380,088 ("the '088 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

36.     The '088 patent is presumed valid under 35 U.S.C. § 282.

37.     SITO owns all rights, title and interest in the '088 patent.

### United States Patent No. 10,009,637

38.     On June 26, 2018, the USPTO duly and legally issued United States Patent No. 10,009,637 ("the '637 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

39.     The '637 patent is presumed valid under 35 U.S.C. § 282.

40.     SITO owns all rights, title and interest in the '637 patent.

### United States Patent No. 10,171,846

41.     On January 1, 2019, the USPTO duly and legally issued United States Patent No. 10,171,846 ("the '846 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

42.     The '846 patent is presumed valid under 35 U.S.C. § 282.

43.     SITO owns all rights, title and interest in the '846 patent.

### CLAIMS FOR RELIEF

### Count I – Infringement of United States Patent No. 9,026,673

44.     SITO repeats, re-alleges, and incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

45.     FloSports directly infringes (literally and/or under the doctrine of equivalents) the '673 patent by using the method covered by at least claim 1 of the '673 patent.

46.     The FloSports system that infringes one or more claims of the '673 patent includes, but is not limited to, the FloSports Streaming Platform, and any other FloSports network, system, device, and/or service that practices a media streaming method as claimed in the '673 patent.

47.     The FloSports Streaming Platform performs a method of streaming video. The FloSports Streaming Platform receives, by at least one computing device (e.g., server(s)) via a communication network (e.g., the Internet), a request (e.g., GET request) for media (e.g., television program or movie) from at least one communication device (e.g., client device such as a personal computer, mobile device, and/or  television) capable of using instructions (e.g., contained within an M3U8 file(s)) received from the at least one computing device to obtain at least one portion of the requested media using at least one resource (e.g., streaming server(s)) other than the at least one computing device.

48.     The FloSports Streaming Platform determines, by the at least one computing device (e.g., server(s)), whether the at least one portion of the requested media (e.g., video segment(s)) is available for streaming in accordance with at least one program comprising at least one media selector (e.g., rules/instructions) defining how to select at least one other media (e.g., advertisement).

49.     On information and belief, the FloSports Streaming Platform includes a media selector for an advertisement in an M3U8 file(s). A server in the FloSports

Streaming Platform determines the at least one other media based on the at least one media selector.

50.     The FloSports Streaming Platform generates, by the at least one computing device and based on one or more capabilities (e.g., type of device (e.g., PC), operating system, browser and/or media player) of the communication device, at least one play script (e.g., at least one M3U8 file).

51.     The M3U8 file(s) includes: (i) an identification (e.g., segment information/segment file name) of the at least one portion of the requested media, (ii) an identification (e.g., identification of one or more ad breaks between video segments) of the at least one other media (e.g., advertisement), (iii) a reservation identification (e.g., authentication token) associated with the request for media, (iv) at least one universal resource locator (URL) associated with at least one of the identification of the at least one portion of the requested media and the identification of the at least one other media, the at least one URL including at least one identification (e.g., host name) of at least one resource (e.g., streaming server(s)) other than the at least one computing device available to facilitate streaming of at least one of the at least one portion of the requested media and the at least one other media, and (v) one or more instructions for use by the communication device together with the at least one URL and the reservation identification to enable the at least one communication device to obtain the at least one portion of the requested media and the at least one other media.

52.     The FloSports Streaming Platform transmits, by the at least one computing device to the communication device, the at least one play script to enable the communication device to obtain the at least one portion of the requested media and the at least one other media via the communication network using the at least one resource other than the at least one computing device.

53.     SITO has been damaged by the direct infringement of FloSports, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

**Count II – Infringement of United States Patent No. 9,135,635**

54.     SITO repeats, re-alleges, and incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

55.     FloSports directly infringes (literally and/or under the doctrine of equivalents) the '635 patent by using the method covered by at least claim 1 of the '635 patent.

56.     The FloSports system that infringes one or more claims of the '635 patent includes, but is not limited to, the FloSports Streaming Platform, and any other FloSports network, system, device, and/or service that practices a media streaming method as claimed in the '635 patent.

57.     The FloSports Streaming Platform performs a method of streaming media. The FloSports Streaming Platform receives, by at least one computing device (e.g., server(s)) via a communication network (e.g., the Internet), a request (e.g., GET request)

for media (e.g., television program or movie) from a communication device (e.g., client device such as a personal computer, mobile device, and/or television). The at least one computing device comprises a combination of hardware and software.

58.     The FloSports Streaming Platform determines, by the at least one computing device, at least one portion of the requested media (e.g., video segment(s)) to be streamed to the communication device.

59.     The FloSports Streaming Platform transmits, by the at least one computing device for reception by the communication device, at least one play script (e.g., M3U8 file(s)) including: (i) at least one identification (e.g., segment information/segment file name) of the at least one portion of the requested media, (ii) an indication (e.g., identification of one or more ad breaks between video segments) that an advertising media clip is to be streamed to the communication device, (iii) at least one universal resource locator (URL) associated with the identification of the at least one portion of the requested media, the at least one URL including at least one identification (e.g., host name) of at least one resource (e.g., streaming server(s)) other than the at least one computing device to facilitate streaming of the at least one portion of the requested media, and (iv) one or more instructions for use by the communication device together with the at least one URL to cause the at least one portion of the requested media to be streamed to the communication device.

60.     SITO has been damaged by the direct infringement of FloSports, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

### Count III – Infringement of United States Patent No. 9,135,636

61.     SITO repeats, re-alleges, and incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

62.     FloSports directly infringes (literally and/or under the doctrine of equivalents) the '636 patent by using the method covered by at least claim 1 of the '636 patent.

63.     The FloSports system that infringes one or more claims of the '636 patent includes, but is not limited to, the FloSports Streaming Platform, and any other FloSports network, system, device, and/or service that practices a media streaming method as claimed in the '636 patent.

64.     The FloSports Streaming Platform performs a method of streaming media. The FloSports Streaming Platform receives, by at least one computing device (e.g., server(s)) via a communication network (e.g., the Internet), a request (e.g., GET request) for media (e.g., television program or movie) from a communication device (e.g., client device such as a personal computer, mobile device, and/or  television), capable of using instructions (e.g., contained within an M3U8 file(s)) received from the at least one computing device to obtain at least one portion of the requested media (e.g., video

segment(s)) using at least one resource (e.g., streaming server(s)) other than the at least one computing device.

65. The FloSports Streaming Platform generates, by the at least one computing device, at least one play script (e.g., M3U8 file(s)) including: (i) at least one identification (e.g., segment information/segment file name) of the at least one portion of the requested media, (ii) a reservation identification (e.g., authentication token) associated with the request for media, (iii) at least one universal resource locator (URL) associated with the at least one identification of the at least one portion of the requested media, the at least one URL including at least one identification (e.g., host name) of the at least one resource (e.g., streaming server(s)) other than the at least one computing device available to facilitate streaming of at least one of the at least one portion of the requested media, and (iv) one or more instructions for use by the communication device together with the at least one URL and the reservation identification to enable the communication device to obtain the at least one portion of the requested media.

66. The FloSports Streaming Platform transmits, by the at least one computing device to the communication device, the at least one play script to enable the communication device to obtain the at least one portion of the requested media via the communication network using the at least one resource other than the at least one computing device.

67.     SITO has been damaged by the direct infringement of FloSports, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

### Count IV – Infringement of United States Patent No. 9,350,777

68.     SITO repeats, re-alleges, and incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

69.     FloSports directly infringes (literally and/or under the doctrine of equivalents) the '777 patent by using the method covered by at least claim 59 of the '777 patent.

70.     The FloSports system that infringes one or more claims of the '777 patent includes, but is not limited to, the FloSports Streaming Platform, and any other FloSports network, system, device, and/or service that practices a media streaming management method as claimed in the '777 patent.

71.     The FloSports Streaming Platform performs a media streaming management method. The FloSports Streaming Platform receives, by at least one computing device (e.g., server(s)) comprising a combination of hardware and software, a request (e.g., GET request) to receive media (e.g., television program or movie) from at least one communication device (e.g., client device such as a personal computer, mobile device, and/or  television)  capable of playing the requested media.

72.     In response to the request for media and based on one or more attributes (e.g., type of device (e.g., PC), operating system, browser and/or media player) of the

communication device and one or more rules associated with the requested media, the FloSports Streaming Platform transmits (e.g., within an M3U8 file(s)), to the communication device by the at least one computing device over a communication network (e.g., the Internet), (i) at least one identification (e.g., segment information/segment file name) of the at least one portion of the requested media (video segment(s)), (ii) at least one identification (e.g., host name) of at least one resource (e.g., streaming server(s)) other than the at least one computing device to facilitate streaming of the at least one portion of the requested media, (iii) information (e.g., segment information/segment file name, title identifier of the segment, type of file of the segment, and/or format of the segment) for use by the communication device as to how the at least one portion of the requested media is to be presented to a user of the communication device, and (iv) a unique identifier (e.g., user ID and additional identifier information) for use by at least the communication device to enable the at least one portion of the requested media to be streamed to the communication device.

73.     SITO has been damaged by the direct infringement of FloSports, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

### Count V – Infringement of United States Patent No. 9,380,088

74.     SITO repeats, re-alleges, and incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

75.     FloSports directly infringes (literally and/or under the doctrine of equivalents) the '088 patent by using the method covered by at least claim 36 of the '088 patent.

76.     The FloSports system that infringes one or more claims of the '088 patent includes, but is not limited to, the FloSports Streaming Platform, and any other FloSports network, system, device, and/or service that practices a media streaming management method as claimed in the '088 patent.

77.     The FloSports Streaming Platform performs a media streaming management method. The FloSports Streaming Platform receives, by at least one computing device (e.g., server(s)) comprising a combination of hardware and software, a request (e.g., GET request) for media (e.g., television program or movie) from a communication device (e.g., client device such as a personal computer, mobile device, and/or television) capable of playing the requested media.

78.     In response to the request for media and based on one or more attributes (e.g., type of device (e.g., PC), operating system, browser and/or media player) of the communication device and one or more rules associated with the requested media, the FloSports Streaming Platform transmits (e.g., within an M3U8 file(s)), from the at least one computing device to the communication device over a communication network (e.g., the Internet), (i) at least one identification  (e.g., segment information/segment file name) of at least one portion of the requested media (e.g., video segment(s)), (ii) an indication (e.g., identification of one or more ad breaks between video segments) that at

least one advertising media clip is to be streamed to the communication device, (iii) at least one identification (e.g., host name) of at least one resource (e.g., streaming server(s)) other than the at least one computing device available to facilitate streaming of the at least one portion of the requested media, and (iv) information (e.g., segment information/segment file name, title identifier of the segment, type of file of the segment, and/or format of the segment) for use by the communication device as to how the at least one portion of the requested media and the at least one advertising media clip are to be presented to a user of the communication device.

79.    SITO has been damaged by the direct infringement of FloSports, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

### Count VI – Infringement of United States Patent No. 10,009,637

80.    SITO repeats, re-alleges, and incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

81.    FloSports directly infringes (literally and/or under the doctrine of equivalents) the '637 patent by using the method covered by at least claim 1 of the '637 patent.

82.    The FloSports system that infringes one or more claims of the '637 patent includes, but is not limited to, the FloSports Streaming Platform, and any other FloSports network, system, device, and/or service that practices a method for managing streaming of video content as claimed in the '637 patent.

83. The FloSports Streaming Platform performs a method for managing streaming of video content (e.g., television program or movie) to a client device (e.g., personal computer, mobile device, and/or television). The FloSports Streaming Platform provides the video content to a content distribution network (e.g., content delivery network (CDN)) for storage in a plurality of geographically separated resources (e.g., streaming servers located throughout the United States) of the content distribution network.

84. A server(s) receives, from the client device via a packet-based telecommunication network (e.g., the Internet), signaling (e.g., GET request) to have the stored video content streamed to the client device.

85. In response to the received signaling, a server transmits one or more files (e.g., M3U8 file(s)) to the client device via the packet-based telecommunication network, each of the one or more files being in a format compatible with a media player on the client device, the one or more files comprising (i) an identification (e.g., host name) of one or more of the resources (e.g., streaming server(s)) of the content distribution network available to facilitate streaming of one or more segments of the stored video content to the client device, the identification being dependent at least in part on a relationship between a geographic location of the client device and geographic locations of the resources of the content distribution network (e.g., the host name will resolve an IP address of a streaming server of a CDN that is geographically close to the client device), and (ii) an identification (e.g., host name) of an advertising server, the

20

identification of the advertising server being dependent at least in part on a relationship between the geographic location of the client device and a geographic location of the advertising server (e.g., on information and belief, the host name will resolve an IP address of an advertising server that is geographically close to the client device).

86.     The one or more files, when processed by the client device, cause the client device to communicate with the identified one or more resources of the content distribution network and the advertising server to cause the one or more segments of the stored video to be streamed to the client device by the identified one or more resources of the content distribution network and cause one or more advertisements to be streamed from the advertising server to the client device.

87.     SITO has been damaged by the direct infringement of FloSports, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

### Count VII – Infringement of United States Patent No. 10,171,846

88.     SITO repeats, re-alleges, and incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

89.     FloSports directly infringes (literally and/or under the doctrine of equivalents) the '846 patent by using the method covered by at least claim 1 of the '846 patent.

90.     The FloSports system that infringes one or more claims of the '846 patent includes, but is not limited to, the FloSports Streaming Platform, and any other

FloSports network, system, device, and/or service that practices a method for managing streaming of video content as claimed in the '846 patent.

91.     The FloSports Streaming Platform performs a method for managing streaming of video content (e.g., television program or movie) to a client device (e.g., personal computer, mobile device, and/or television). The FloSports Streaming Platform provides the video content to a content distribution network (e.g., content delivery network (CDN)) for storage in a plurality of geographically separated resources (e.g., streaming servers located throughout the United States) of the content distribution network.

92.     On information and belief, the FloSports Streaming Platform dynamically selects one or more advertisement media clips (e.g., targeted advertisement(s)) based on statistical information (e.g., user interest/behavior, demographics) associated with a user of the client device.[9]

93.     A server receives, from the client device (e.g., personal computer, mobile device, and/or television) via a packet-based telecommunication network (e.g., the Internet), signaling (e.g., GET request) to have the stored video content streamed to the client device.

94.     In response to the received signaling, a server transmits to the client device, via the packet-based telecommunication network and in one or more files (e.g.,

---

[9]https://webcache.googleusercontent.com/search?q=cache:6Jt88b8sToAJ:https://www.flosports.tv/2015/02/27/head-of-advertising-operations/+&cd=3&hl=en&ct=clnk&gl=us

M3U8 file(s)) having a format compatible with a media player on the client device, (i) an identification (e.g., host name) of one or more of the resources (e.g., streaming server(s)) of the content distribution network available to facilitate streaming of one or more segments of the stored video content to the client device, the identification being dependent at least in part on a relationship between a geographic location of the client device and geographic locations of the resources of the content distribution network (e.g., the host name will resolve an IP address of a streaming server of a CDN that is geographically close to the client device), and (ii) an identification (e.g., host name) of an advertising server, the identification of the advertising server being dependent at least in part on a relationship between the geographic location of the client device and a geographic location of the advertising server (e.g., on information and belief, the host name will resolve an IP address of an advertising server that is geographically close to the client device).

95.    The one or more files, when processed by the client device, cause the client device to communicate with the identified one or more resources of the content distribution network and the advertising server to cause the one or more segments of the stored video to be streamed to the client device by the identified one or more resources of the content distribution network and cause the one or more selected advertisement media clips to be streamed from the advertising server to the client device.

96.     SITO has been damaged by the direct infringement of FloSports, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

## JURY DEMANDED

97.     Pursuant to Federal Rule of Civil Procedure 38(b), SITO hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

SITO respectfully requests this Court to enter judgment in SITO's favor and against FloSports as follows:

a.      finding that FloSports directly infringes one or more claims of each of the patents-in-suit;

b.      awarding SITO damages under 35 U.S.C. § 284, or otherwise permitted by law, including supplemental damages for any continued post-verdict infringement;

c.      awarding SITO pre-judgment and post-judgment interest on the damages award and costs;

d.      awarding cost of this action (including all disbursements) and attorney fees  pursuant to 35 U.S.C. § 285, or as otherwise permitted by the law; and

e.      awarding such other costs and further relief that the Court determines to be just and equitable.

Dated: June 2, 2020                    Respectfully submitted,


                                       */s/Raymond W. Mort, III*
                                       Raymond W. Mort, III
                                       Texas State Bar No. 00791308
                                       raymort@austinlaw.com

                                       THE MORT LAW FIRM, PLLC
                                       100 Congress Avenue, Suite 2000
                                       Austin, Texas 78701
                                       Tel/Fax: 512-865-7950

                                       *Of Counsel:*
                                       Ronald M. Daignault (*pro hac vice* to be filed)
                                       Chandran B. Iyer (*pro hac vice* to be filed)
                                       Jason S. Charkow (*pro hac vice* to be filed)
                                       rdaignault@goldbergsegalla.com
                                       ciyer@goldbergsegalla.com
                                       jcharkow@ goldbergsegalla.com
                                       GOLDBERG SEGALLA LLP
                                       711 Third Avenue, Suite 1900
                                       New York, New York 10017
                                       Telephone: (646) 292-8700

                                       Stephanie R. Mandir (*pro hac vice* to be filed)
                                       smandir@goldbergsegalla.com
                                       GOLDBERG SEGALLA LLP
                                       Reston Town Center
                                       11921 Freedom Drive, 5th Floor
                                       Reston, VA 20190

                                       Attorneys for *SITO Mobile, Ltd. and
                                       SITO Mobile R&D IP, LLP*