**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| SITO MOBILE R&D IP, LLC, and SITO MOBILE, LTD., | |
| Plaintiffs, | Case No. 6:20-cv-00471 |
| v. | Jury Trial Demanded |
| FLOSPORTS, INC., | |
| Defendant. | |

**ANSWER TO ORIGINAL COMPLAINT FOR**
**PATENT INFRINGEMENT AND COUNTERCLAIMS**

Defendant FloSports, Inc. ("Defendant" or "FloSports"), hereby submits its Answer, Defenses, and Counterclaims to Plaintiff SITO Mobile R&D IP, LLC and SITO Mobile, Ltd.'s (collectively "Plaintiffs") Complaint for Patent Infringement.  Unless specifically admitted, Defendant denies each and every allegation made by Plaintiffs in the Complaint and states as follows:

**NATURE OF THE ACTION**

**Complaint No. 1:**  This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

**Answer to Complaint No. 1:**  Defendant admits that Plaintiffs purport to bring a patent infringement action under Title 35 of the United States Code, but Defendant denies any liability thereunder.

**THE PARTIES**

**Complaint No. 2:**  Plaintiff SITO Mobile R&D IP, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 100 Town Square Place, Suite 204, Jersey City, New Jersey 07310.

1

**Answer to Complaint No. 2:**  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2, and therefore denies them.

**Complaint No. 3:**  Plaintiff SITO Mobile, Ltd. is a company organized and existing under the laws of the State of Delaware with its principal place of business located at 100 Town Square Place, Suite 204, Jersey City, New Jersey 07310.

**Answer to Complaint No. 3:**  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3, and therefore denies them.

**Complaint No. 4:**  On information and belief, Defendant FloSports, Inc. is a company organized and existing under the laws of the State of Delaware with a place of business located at 979 Springdale Road, Suite 120, Austin, Texas 78702. FloSports may be served with process through its registered agent for service in Texas: Registered Agents Inc., 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

**Answer to Complaint No. 4:**  Defendant admits that it is a corporation organized in Delaware and its registered agent for service of process in Texas is Registered Agents Inc., 5900 Balcones Drive, Suite 100, Austin, Texas 78731.  Defendant further admits that it has a place of business at 979 Springdale Road, Suite 120, Austin, Texas 78702.

**Complaint No. 5:**  On information and belief, since at least August 2014, FloSports has been registered to do business in the State of Texas under Texas SOS File Number 0802048073.

**Answer to Complaint No. 5:**  Defendant admits that it has been registered to do business in the State of Texas under SOS File No. 0802048073 since August 2014.

2

## JURISDICTION AND VENUE

**Complaint No. 6:**  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 et seq.

**Answer to Complaint No. 6:**  Defendant admits that this Court has subject matter jurisdiction over actions arising under the patent laws of the United States.

**Complaint No. 7:**  FloSports is subject to this Court's personal jurisdiction in accordance with due process and/or the Texas Long Arm Statute because, in part, FloSports "[r]ecruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state."  *See* Tex. Civ. Prac. & Rem. Code § 17.042.

**Answer to Complaint No. 7:**  Defendant admits that personal jurisdiction is proper in this Court.  Defendant further admits that it has conducted business in the State of Texas but denies that it has committed any act of infringement in Texas or any other state.

**Complaint No. 8:**  This Court has personal jurisdiction over FloSports because FloSports (directly and/or through its subsidiaries, affiliates, or intermediaries) has committed and continues to commit acts of infringement in this judicial district in violation of at least 35 U.S.C. § 271(a).

**Answer to Complaint No. 8:**  Denied.

**Complaint No. 9:**  This Court also has personal jurisdiction over FloSports because FloSports has sufficient minimum contacts with this forum as a result of business conducted within the State of Texas and this judicial district.  In particular, this Court has personal jurisdiction over FloSports because, *inter alia*, FloSports, on information and belief: (1) has substantial, continuous, and systematic contacts with this State and this judicial district; (2) owns, manages, and/or operates facilities in this State and this judicial district; (3) enjoys

3

substantial income from its operations and sales in this State and this judicial district; (4) employs Texas residents in this State and this judicial district; and (5) solicits business and markets products, systems and/or services in this State and this judicial district including, without limitation, related to the accused instrumentalities.

**Answer to Complaint No. 9:**  Defendant admits that personal jurisdiction is proper in this Court.  Defendant admits that it has conducted business in the State of Texas but denies that it has committed any act of infringement in Texas or any other state.  The remaining allegations in Paragraph 9 constitute conclusions of law and no response of Defendant is required; to the extent an answer is required, Defendant denies the allegations,

**Complaint No. 10:**  FloSports has purposefully availed itself of the privileges of conducting business within this judicial district, has established sufficient minimum contacts with this judicial district such that it should reasonably and fairly anticipate being hauled into court in this judicial district, has purposefully directed activities at residents of this  judicial district, and at least a portion of the patent infringement claims alleged in this Complaint arise out of or are related to one or more of the foregoing activities.

**Answer to Complaint No. 10:**  The allegations in Paragraph 10 constitute conclusions of law and no response of Defendant is required; to the extent an answer is required, Defendant denies the allegations.

**Complaint No. 11:**  Venue is proper in this judicial district pursuant to 28 U.S.C. § § 1391(b)-(d) and/or 1400(b). FloSports is registered to do business in the State of Texas, maintains a regular and established place of business within this judicial district, and has committed acts of infringement in this judicial district.

WEST\291280252.1

**Answer to Complaint No. 11:**  Defendant admits that venue is proper in this judicial district, but Defendant denies that it commits or has committed any acts of infringement within this District or elsewhere.  The remaining allegations in Paragraph 11 constitute conclusions of law and no response of Defendant is required; to the extent an answer is required, Defendant denies the allegations.

**Complaint No. 12:**  On information and belief, FloSports maintains a significant physical presence in this judicial district.

**Answer to Complaint No. 12:**  The allegations in Paragraph 12 constitute conclusions of law and no response of Defendant is required; to the extent an answer is required, Defendant denies the allegations.

**Complaint No. 13:**  On information and belief, FloSports operates multiple corporate offices in this judicial district, and these offices constitute regular and established places of business: 979 Springdale Road, Suite 120, Austin, Texas 78702; 2922 E. Cesar Chavez Street, Austin, Texas 78702 (collectively, "Austin Offices"). On information and belief, FloSports employs hundreds of people in its Austin Offices.[1]

**Answer to Complaint No. 13:**  Defendant admits that it has offices at 979 Springdale Road, Suite 120, Austin, Texas 78702 and employs people in Austin.  The remaining allegations in Paragraph 13 constitute conclusions of law and no response of Defendant is required; to the extent an answer is required, Defendant denies the allegations.

---

[1] *FloSports Closes $47 Million in Funding to Broaden Coverage in New and Existing Sports*, FLOSPORTS NEWS (June 3, 2019), https://www.flosports.tv/2019/06/03/flosports-closes-47-million-in-funding-to-broaden-coverage-in-new-and-existing-sports/

WEST\291280252.1

**Complaint No. 14:**  On information and belief, FloSports has H-1B labor condition applications for people employed in Austin, Texas.[2]  Employees holding an H-1B visa are employed in a specialty occupation that requires "theoretical and practical application of a body of highly specialized knowledge . . . and attainment of a bachelor's or higher degree in the specific specialty."  *See generally* 8 U.S.C. § 1184. As such, FloSports employees in Austin, Texas are highly specialized and important to the operation of FloSports.

**Answer to Complaint No. 14:**  Defendant admits that it has H-1B applications for people employed in Austin, Texas.  The remaining allegations in Paragraph 14 constitute conclusions of law and no response of Defendant is required; to the extent an answer is required, Defendant denies the allegations.

**Complaint No. 15:**  FloSports has listed job openings on its website for positions in this judicial district.

**Answer to Complaint No. 15:**  Admit.

### FLOSPORTS VIDEO STREAMING SERVICE

**Complaint No. 16:**  FloSports offers a subscription-based streaming service that provides on-demand and live video programming over the Internet.[3]  On information and belief, FloSports currently has over 300,000 active users.[4]

---

[2] https://h1bsalary.online/index.php?searchtext=FLOSPORTS+INC&year=&minsalary=&state=&worksite_city=&job_title=.

[3] https://www.flosports.tv/

[4] Danni Santana, *FloSports Pushing Forward with Media Rights Acquisition Strategy*, FRONT OFFICE SPORTS (Apr. 17, 2020), https://frntofficesport.com/flo-sports-media-acquisition-strategy/

**Answer to Complaint No. 16:**  Defendant admits it offers a subscription-bases streaming service that provides on-demand and live video programming over the Internet.  Defendant denies the remaining allegations in paragraph 16.

**Complaint No. 17:**  FloSports' streaming service offers "over 200,000 sports competitions live or on demand, with exclusive, behind-the-scenes coverage and original programming for over 25 different sports."[5]

**Answer to Complaint No. 17:**  Denied.

**Complaint No. 18:**  FloSports subscribers can access its services through, for example, a computer, smart phone, tablet, smart TV (e.g., Vizio, LG, Samsung) and/or streaming player (e.g., Apple TV, Amazon Fire TV, Roku, Chromecast).[6]  FloSports subscribers can download FloSports apps to their mobile devices from Google Play and Apple's App Store.[7]

**Answer to Complaint No. 18:**  Admit.

**Complaint No. 19:**  FloSports offers a variety of subscription plans starting at $12.49/month, which includes advertisements.[8]

**Answer to Complaint No. 19:**  Denied.

**Complaint No. 20:**  FloSports streams videos using a network(s) of servers ("FloSports Streaming Platform"). On information and belief, FloSports uses HTTP Live Streaming (HLS) protocol to stream video content. HLS is an HTTP-based adaptive bitrate streaming technique

---

[5] https://www.flosports.tv/

[6] *FloSports Announces Launch of New Apps*, FLOSPORTS NEWS (June 13, 2019), https://www.flosports.tv/2019/06/13/flosports-announces-launch-of-new-apps/; *see also* https://www.flosports.tv/.

[7] *See, e.g.*, https://play.google.com/store/apps/details?id=tv.flosports&hl=en_US; https://apps.apple.com/us/app/flosports-watch-live-sports/id1149210891.

[8] https://www.flosports.tv/join-now/#Subscription; https://www.flosports.tv/wp-content/uploads/2020/04/2020-FloSports-Ad-Specs-Media-Kit.pdf

that enables high quality streaming of media content over the Internet from web servers. A copy of the HLS standards documents is attached hereto as Exhibit 1.

**Answer to Complaint No. 20:**  Denied.

**Complaint No. 21:**  With HLS, a video may be broken up into thousands of small HTTP-based file segments. Each segment contains a short interval of playback time of the video. The segments are encoded at a variety of different bit rates (speeds). After a subscriber selects a video to stream, the media player on the subscriber device is provided with a file that informs the player, amongst other things, how to obtain the segments sequentially and how to handle ad breaks (if any). As the video is playing, the subscriber device determines the bit rate that it can handle and requests a segment(s) encoded at that bit rate. The player plays the segments in sequential order and continuously requests segments until the player has received all of the segments that make up the video.

**Answer to Complaint No. 21:**  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 as to all the ways in which an HLS video "may" be streamed, and therefore denies them.

**Complaint No. 22:**  The screen capture of FloLive (below) illustrates various display resolution options for the media player. As such, on information and belief, the FloLive video content is encoded at different bit rates.



**Answer to Complaint No. 22:**  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 as to the system configuration and content addressed therein, and therefore denies them.

**THE PATENTS-IN-SUIT**

**United States Patent No. 9,026,673**

**Complaint No. 23:**  On May 5, 2015, the USPTO duly and legally issued United States Patent No. 9,026,673 ("the '673 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

**Answer to Complaint No. 23:**  Defendant admits that U.S. Patent No. 9,026,673 is entitled "System and Method for Routing Media" and lists the issue date on the face of the patent as May 5, 2015 to inventor Charles A. Jennings *et al.*

**Complaint No. 24:**  The '673 patent is presumed valid under 35 U.S.C. § 282.

**Answer to Complaint No. 24:**  The allegations in Paragraph 24 constitute conclusions of law and no response of Defendant is required; to the extent an answer is required, Defendant denies the allegations.

**Complaint No. 25:**  SITO owns all rights, title and interest in the '673 patent.

9

**Answer to Complaint No. 25:**  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25, and therefore denies them.

## United States Patent No. 9,135,635

**Complaint No. 26:**  On September 15, 2015, the USPTO duly and legally issued United States Patent No. 9,135,635 ("the '635 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

**Answer to Complaint No. 26:**  Defendant admits that U.S. Patent No. 9,135,635 is entitled "System and Method for Routing Media" and lists the issue date on the face of the patent as September 15, 2015 to inventor Charles A. Jennings *et al*.

**Complaint No. 27:**  The '635 patent is presumed valid under 35 U.S.C. § 282.

**Answer to Complaint No. 27:**  The allegations in Paragraph 27 constitute conclusions of law and no response of Defendant is required; to the extent an answer is required, Defendant denies the allegations.

**Complaint No. 28:**  SITO owns all rights, title and interest in the '635 patent.

**Answer to Complaint No. 28:**  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28, and therefore denies them.

## United States Patent No. 9,135,636

**Complaint No. 29:**  On September 15, 2015, the USPTO duly and legally issued United States Patent No. 9,135,636 ("the '636 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

**Answer to Complaint No. 29:**  Defendant admits that U.S. Patent No. 9,135,636 is entitled "System and Method for Routing Media" and lists the issue date on the face of the patent as September 15, 2015 to inventor Charles A. Jennings *et al*.

**Complaint No. 30:**  The '636 patent is presumed valid under 35 U.S.C. § 282.

**Answer to Complaint No. 30:**  The allegations in Paragraph 30 constitute conclusions of law and no response of Defendant is required; to the extent an answer is required, Defendant denies the allegations.

**Complaint No. 31:**  SITO owns all rights, title and interest in the '636 patent

**Answer to Complaint No. 31:**  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31, and therefore denies them.

### United States Patent No. 9,350,777

**Complaint No. 32:**  On May 24, 2016, the USPTO duly and legally issued United States Patent No. 9,350,777 ("the '777 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

**Answer to Complaint No. 32:**  Defendant admits that U.S. Patent No. 9,350,777 is entitled "System and Method for Routing Media" and lists the issue date on the face of the patent as May 24, 2016 to inventor Charles A. Jennings *et al*.

**Complaint No. 33:**  The '777 patent is presumed valid under 35 U.S.C. § 282.

**Answer to Complaint No. 33:**  The allegations in Paragraph 33 constitute conclusions of law and no response of Defendant is required; to the extent an answer is required, Defendant denies the allegations.

**Complaint No. 34:**  SITO owns all rights, title and interest in the '777 patent.

**Answer to Complaint No. 34:**  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34, and therefore denies them.

**United States Patent No. 9,380,088**

**Complaint No. 35:**  On June 28, 2016, the USPTO duly and legally issued United States Patent No. 9,380,088 ("the '088 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings *et al*.

**Answer to Complaint No. 35:**  Defendant admits that U.S. Patent No. 9,380,088 is entitled "System and Method for Routing Media" and lists the issue date on the face of the patent as June 28, 2016 to inventor Charles A. Jennings *et al*.

**Complaint No. 36:**  The '088 patent is presumed valid under 35 U.S.C. § 282.

**Answer to Complaint No. 36:**  The allegations in Paragraph 36 constitute conclusions of law and no response of Defendant is required; to the extent an answer is required, Defendant denies the allegations.

**Complaint No. 37:**  SITO owns all rights, title and interest in the '088 patent.

**Answer to Complaint No. 37:**  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37, and therefore denies them.

**United States Patent No. 10,009,637**

**Complaint No. 38:**  On June 26, 2018, the USPTO duly and legally issued United States Patent No. 10,009,637 ("the '637 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

**Answer to Complaint No. 38:**  Defendant admits that U.S. Patent No. 10,009,637 is entitled "System and Method for Routing Media" and lists the issue date on the face of the patent as June 26, 2018 to inventor Charles A. Jennings *et al.*

**Complaint No. 39:**  The '637 patent is presumed valid under 35 U.S.C. § 282.

**Answer to Complaint No. 39:**  The allegations in Paragraph 39 constitute conclusions of law and no response of Defendant is required; to the extent an answer is required, Defendant denies the allegations.

**Complaint No. 40:**  SITO owns all rights, title and interest in the '637 patent.

**Answer to Complaint No. 40:**  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40, and therefore denies them.

## United States Patent No. 10,171,846

**Complaint No. 41:**  On January 1, 2019, the USPTO duly and legally issued United States Patent No. 10,171,846 ("the '846 patent") entitled "System and Method for Routing Media" to inventor Charles A. Jennings et al.

**Answer to Complaint No. 41:**  Defendant admits that U.S. Patent No. 10,171,846 is entitled "System and Method for Routing Media" and lists the issue date on the face of the patent as January 1, 2019 to inventor Charles A. Jennings *et al.*

**Complaint No. 42:**  The '846 patent is presumed valid under 35 U.S.C. § 282.

**Answer to Complaint No. 42:**  The allegations in Paragraph 42 constitute conclusions of law and no response of Defendant is required; to the extent an answer is required, Defendant denies the allegations.

**Complaint No. 43:**  SITO owns all rights, title and interest in the '846 patent.

**Answer to Complaint No. 43:**  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43, and therefore denies them.

## CLAIMS FOR RELIEF

### Count I – Infringement of United States Patent No. 9,026,673

**Complaint No. 44:**  SITO repeats, re-alleges, and incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

**Answer to Complaint No. 44:**  Defendant repeats and incorporates each and every response to the allegations in the foregoing paragraphs as if set forth herein.

**Complaint No. 45:**  FloSports directly infringes (literally and/or under the doctrine of equivalents) the '673 patent by using the method covered by at least claim 1 of the '673 patent.

**Answer to Complaint No. 45:**  Denied.

**Complaint No. 46:**  The FloSports system that infringes one or more claims of the '673 patent includes, but is not limited to, the FloSports Streaming Platform, and any other FloSports network, system, device, and/or service that practices a media streaming method as claimed in the '673 patent.

**Answer to Complaint No. 46:**  Denied.

**Complaint No. 47:**  The FloSports Streaming Platform performs a method of streaming video. The FloSports Streaming Platform receives, by at least one computing device (e.g., server(s) via a communication network (e.g., the Internet), a request (e.g., GET request) for media (e.g., television program or movie) from at least one communication device (e.g., client device such as a personal computer, mobile device, and/or television) capable of using instructions (e.g., contained within an M3U8 file(s)) received from the at least one computing

14

device to obtain at least one portion of the requested media using at least one resource (e.g., streaming server(s)) other than the at least one computing device.

**Answer to Complaint No. 47:**  Denied.

**Complaint No. 48:**  The FloSports Streaming Platform determines, by the at least one computing device (e.g., server(s)), whether the at least one portion of the requested media (e.g., video segment(s)) is available for streaming in accordance with at least one program comprising at least one media selector (e.g., rules/instructions) defining how to select at least one other media (e.g., advertisement).

**Answer to Complaint No. 48:**  Denied.

**Complaint No. 49:**  On information and belief, the FloSports Streaming Platform includes a media selector for an advertisement in an M3U8 file(s). A server in the FloSports Streaming Platform determines the at least one other media based on the at least one media selector.

**Answer to Complaint No. 49:**  Denied.

**Complaint No. 50:**  The FloSports Streaming Platform generates, by the at least one computing device and based on one or more capabilities (e.g., type of device (e.g., PC), operating system, browser and/or media player) of the communication device, at least one play script (e.g., at least one M3U8 file).

**Answer to Complaint No. 50:**  Denied.

**Complaint No. 51:**  The M3U8 file(s) includes: (i) an identification (e.g., segment information/segment file name) of the at least one portion of the requested media, (ii) an identification (e.g., identification of one or more ad breaks between video segments) of the at least one other media (e.g., advertisement), (iii) a reservation identification (e.g., authentication

token) associated with the request for media, (iv) at least one universal resource locator (URL) associated with at least one of the identification of the at least one portion of the requested media and the identification of the at least one other media, the at least one URL including at least one identification (e.g., host name) of at least one resource (e.g., streaming server(s)) other than the at least one computing device available to facilitate streaming of at least one of the at least one portion of the requested media and the at least one other media, and (v) one or more instructions for use by the communication device together with the at least one URL and the reservation identification to enable the at least one communication device to obtain the at least one portion of the requested media and the at least one other media.

**Answer to Complaint No. 51:**  Denied.

**Complaint No. 52:**  The FloSports Streaming Platform transmits, by the at least one computing device to the communication device, the at least one play script to enable the communication device to obtain the at least one portion of the requested media and the at least one other media via the communication network using the at least one resource other than the at least one computing device.

**Answer to Complaint No. 52:**  Denied.

**Complaint No. 53:**  SITO has been damaged by the direct infringement of FloSports, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

**Answer to Complaint No. 53:**  Denied.

### Count II – Infringement of United States Patent No. 9,135,635

**Complaint No. 54:**  SITO repeats, re-alleges, and incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

**Answer to Complaint No. 54:**  Defendant repeats and incorporates each and every response to the allegations in the foregoing paragraphs as if set forth herein.

**Complaint No. 55:**  FloSports directly infringes (literally and/or under the doctrine of equivalents) the '635 patent by using the method covered by at least claim 1 of the '635 patent.

**Answer to Complaint No. 55:**  Denied.

**Complaint No. 56:**  The FloSports system that infringes one or more claims of the '635 patent includes, but is not limited to, the FloSports Streaming Platform, and any other FloSports network, system, device, and/or service that practices a media streaming method as claimed in the '635 patent.

**Answer to Complaint No. 56:**  Denied.

**Complaint No. 57:**  The FloSports Streaming Platform performs a method of streaming media. The FloSports Streaming Platform receives, by at least one computing device (e.g., server(s)) via a communication network (e.g., the Internet), a request (e.g., GET request) for media (e.g., television program or movie) from a communication device (e.g., client device such as a personal computer, mobile device, and/or television). The at least one computing device comprises a combination of hardware and software.

**Answer to Complaint No. 57:**  Denied.

**Complaint No. 58:**  The FloSports Streaming Platform determines, by the at least one computing device, at least one portion of the requested media (e.g., video segment(s)) to be streamed to the communication device.

**Answer to Complaint No. 58:**  Denied.

**Complaint No. 59:**  The FloSports Streaming Platform transmits, by the at least one computing device for reception by the communication device, at least one play script (e.g.,

M3U8 file(s)) including: (i) at least one identification (e.g., segment information/segment file name) of the at least one portion of the requested media, (ii) an indication (e.g., identification of one or more ad breaks between video segments) that an advertising media clip is to be streamed to the communication device, (iii) at least one universal resource locator (URL) associated with the identification of the at least one portion of the requested media, the at least one URL including at least one identification (e.g., host name) of at least one resource (e.g., streaming server(s)) other than the at least one computing device to facilitate streaming of the at least one portion of the requested media, and (iv) one or more instructions for use by the communication device together with the at least one URL to cause the at least one portion of the requested media to be streamed to the communication device.

**Answer to Complaint No. 59:**  Denied.

**Complaint No. 60:**  SITO has been damaged by the direct infringement of FloSports, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

**Answer to Complaint No. 60:**  Denied.

**Count III – Infringement of United States Patent No. 9,135,636**

**Complaint No. 61:**  SITO repeats, re-alleges, and incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

**Answer to Complaint No. 61:**  Defendant repeats and incorporates each and every response to the allegations in the foregoing paragraphs as if set forth herein.

**Complaint No. 62:**  FloSports directly infringes (literally and/or under the doctrine of equivalents) the '636 patent by using the method covered by at least claim 1 of the '636 patent.

**Answer to Complaint No. 62:**  Denied.

**Complaint No. 63:**  The FloSports system that infringes one or more claims of the '636 patent includes, but is not limited to, the FloSports Streaming Platform, and any other FloSports network, system, device, and/or service that practices a media streaming method as claimed in the '636 patent.

**Answer to Complaint No. 63:**  Denied.

**Complaint No. 64:**  The FloSports Streaming Platform performs a method of streaming media. The FloSports Streaming Platform receives, by at least one computing device (e.g., server(s) via a communication network (e.g., the Internet), a request (e.g., GET request) for media (e.g., television program or movie) from a communication device (e.g., client device such as a personal computer, mobile device, and/or television), capable of using instructions (e.g., contained within an M3U8 file(s)) received from the at least one computing device to obtain at least one portion of the requested media (e.g., video segment(s)) using at least one resource (e.g., streaming server(s)) other than the at least one computing device.

**Answer to Complaint No. 64:**  Denied.

**Complaint No. 65:**  The FloSports Streaming Platform generates, by the at least one computing device, at least one play script (e.g., M3U8 file(s)) including: (i) at least one identification (e.g., segment information/segment file name) of the at least one portion of the requested media, (ii) a reservation identification (e.g., authentication token) associated with the request for media, (iii) at least one universal resource locator (URL) associated with the at least one identification of the at least one portion of the requested media, the at least one URL including at least one identification (e.g., host name) of the at least one resource (e.g., streaming server(s)) other than the at least one computing device available to facilitate streaming of at least one of the at least one portion of the requested media, and (iv) one or more instructions for use

19

by the communication device together with the at least one URL and the reservation

identification to enable the communication device to obtain the at least one portion of the

requested media.

**Answer to Complaint No. 65:**  Denied.

**Complaint No. 66:**  The FloSports Streaming Platform transmits, by the at least one

computing device to the communication device, the at least one play script to enable the

communication device to obtain the at least one portion of the requested media via the

communication network using the at least one resource other than the at least one computing

device.

**Answer to Complaint No. 66:**  Denied.

**Complaint No. 67:**  SITO has been damaged by the direct infringement of FloSports, and

is suffering and will continue to suffer irreparable harm and damages as a result of this

infringement.

**Answer to Complaint No. 67:**  Denied.

**Count IV – Infringement of United States Patent No. 9,350,777**

**Complaint No. 68:**  SITO repeats, re-alleges, and incorporates by reference, as if fully

set forth herein, the preceding paragraphs of this Complaint.

**Answer to Complaint No. 68:**  Defendant repeats and incorporates each and every

response to the allegations in the foregoing paragraphs as if set forth herein.

**Complaint No. 69:**  FloSports directly infringes (literally and/or under the doctrine of

equivalents) the '777 patent by using the method covered by at least claim 59 of the '777 patent.

**Answer to Complaint No. 69:**  Denied.

**Complaint No. 70:**  The FloSports system that infringes one or more claims of the '777

patent includes, but is not limited to, the FloSports Streaming Platform, and any other FloSports

network, system, device, and/or service that practices a media streaming management method as claimed in the '777 patent.

**Answer to Complaint No. 70:**  Denied.

**Complaint No. 71:**  The FloSports Streaming Platform performs a media streaming management method. The FloSports Streaming Platform receives, by at least one computing device (e.g., server(s)) comprising a combination of hardware and software, a request (e.g., GET request) to receive media (e.g., television program or movie) from at least one communication device (e.g., client device such as a personal computer, mobile device, and/or television) capable of playing the requested media.

**Answer to Complaint No. 71:**  Denied.

**Complaint No. 72:**  In response to the request for media and based on one or more attributes (e.g., type of device (e.g., PC), operating system, browser and/or media player) of the communication device and one or more rules associated with the requested media, the FloSports Streaming Platform transmits (e.g., within an M3U8 file(s)), to the communication device by the at least one computing device over a communication network (e.g., the Internet), (i) at least one identification (e.g., segment information/segment file name) of the at least one portion of the requested media (video segment(s)), (ii) at least one identification (e.g., host name) of at least one resource (e.g., streaming server(s)) other than the at least one computing device to facilitate streaming of the at least one portion of the requested media, (iii) information (e.g., segment information/segment file name, title identifier of the segment, type of file of the segment, and/or format of the segment) for use by the communication device as to how the at least one portion of the requested media is to be presented to a user of the communication device, and (iv) a unique identifier (e.g., user ID and additional identifier information) for use by at least the

21

communication device to enable the at least one portion of the requested media to be streamed to the communication device.

**Answer to Complaint No. 72:**  Denied.

**Complaint No. 73:**  SITO has been damaged by the direct infringement of FloSports, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

**Answer to Complaint No. 73:**  Denied.

### Count V – Infringement of United States Patent No. 9,380,088

**Complaint No. 74:**  SITO repeats, re-alleges, and incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

**Answer to Complaint No. 74:**  Defendant repeats and incorporates each and every response to the allegations in the foregoing paragraphs as if set forth herein.

**Complaint No. 75:**  FloSports directly infringes (literally and/or under the doctrine of equivalents) the '088 patent by using the method covered by at least claim 36 of the '088 patent.

**Answer to Complaint No. 75:**  Denied.

**Complaint No. 76:**    The FloSports system that infringes one or more claims of the '088 patent includes, but is not limited to, the FloSports Streaming Platform, and any other FloSports network, system, device, and/or service that practices a media streaming management method as claimed in the '088 patent.

**Answer to Complaint No. 76:**  Denied.

**Complaint No. 77:**  The FloSports Streaming Platform performs a media streaming management method. The FloSports Streaming Platform receives, by at least one computing device (e.g., server(s)) comprising a combination of hardware and software, a request (e.g., GET request) for media (e.g., television program or movie) from a communication device (e.g., client

22

device such as a personal computer, mobile device, and/or television) capable of playing the requested media.

**Answer to Complaint No. 77:**  Denied.

**Complaint No. 78:**  In response to the request for media and based on one or more attributes (e.g., type of device (e.g., PC), operating system, browser and/or media player) of the communication device and one or more rules associated with the requested media, the FloSports Streaming Platform transmits (e.g., within an M3U8 file(s)), from the at least one computing device to the communication device over a communication network (e.g., the Internet), (i) at least one identification (e.g., segment information/segment file name) of at least one portion of the requested media (e.g., video segment(s)), (ii) an indication (e.g., identification of one or more ad breaks between video segments) that at least one advertising media clip is to be streamed to the communication device, (iii) at least one identification (e.g., host name) of at least one resource (e.g., streaming server(s)) other than the at least one computing device available to facilitate streaming of the at least one portion of the requested media, and (iv) information (e.g., segment information/segment file name, title identifier of the segment, type of file of the segment, and/or format of the segment) for use by the communication device as to how the at least one portion of the requested media and the at least one advertising media clip are to be presented to a user of the communication device.

**Answer to Complaint No. 78:**  Denied.

**Complaint No. 79:**  SITO has been damaged by the direct infringement of FloSports, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

**Answer to Complaint No. 79:**  Denied.

WEST\291280252.1

## Count VI – Infringement of United States Patent No. 10,009,637

**Complaint No. 80:** SITO repeats, re-alleges, and incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

**Answer to Complaint No. 80:** Defendant repeats and incorporates each and every response to the allegations in the foregoing paragraphs as if set forth herein.

**Complaint No. 81:** FloSports directly infringes (literally and/or under the doctrine of equivalents) the '637 patent by using the method covered by at least claim 1 of the '637 patent.

**Answer to Complaint No. 81:** Denied.

**Complaint No. 82:** The FloSports system that infringes one or more claims of the '637 patent includes, but is not limited to, the FloSports Streaming Platform, and any other FloSports network, system, device, and/or service that practices a method for managing streaming of video content as claimed in the '637 patent.

**Answer to Complaint No. 82:** Denied.

**Complaint No. 83:** The FloSports Streaming Platform performs a method for managing streaming of video content (e.g., television program or movie) to a client device (e.g., personal computer, mobile device, and/or television). The FloSports Streaming Platform provides the video content to a content distribution network (e.g., content delivery network (CDN)) for storage in a plurality of geographically separated resources (e.g., streaming servers located throughout the United States) of the content distribution network.

**Answer to Complaint No. 83:** Denied.

**Complaint No. 84:** A server(s) receives, from the client device via a packet-based telecommunication network (e.g., the Internet), signaling (e.g., GET request) to have the stored video content streamed to the client device.

**Answer to Complaint No. 84:** Denied.

**Complaint No. 85:**  In response to the received signaling, a server transmits one or more files (e.g., M3U8 file(s)) to the client device via the packet-based telecommunication network, each of the one or more files being in a format compatible with a media player on the client device, the one or more files comprising (i) an identification (e.g., host name) of one or more of the resources (e.g., streaming server(s)) of the content distribution network available to facilitate streaming of one or more segments of the stored video content to the client device, the identification being dependent at least in part on a relationship between a geographic location of the client device and geographic locations of the resources of the content distribution network (e.g., the host name will resolve an IP address of a streaming server of a CDN that is geographically close to the client device), and (ii) an identification (e.g., host name) of an advertising server, the identification of the advertising server being dependent at least in part on a relationship between the geographic location of the client device and a geographic location of the advertising server (e.g., on information and belief, the host name will resolve an IP address of an advertising server that is geographically close to the client device).

**Answer to Complaint No. 85:**  Denied.

**Complaint No. 86:**  The one or more files, when processed by the client device, cause the client device to communicate with the identified one or more resources of the content distribution network and the advertising server to cause the one or more segments of the stored video to be streamed to the client device by the identified one or more resources of the content distribution network and cause one or more advertisements to be streamed from the advertising server to the client device.

**Answer to Complaint No. 86:**  Denied.

**Complaint No. 87:**  SITO has been damaged by the direct infringement of FloSports, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

**Answer to Complaint No. 87:**  Denied.

### Count VII – Infringement of United States Patent No. 10,171,846

**Complaint No. 88:**  SITO repeats, re-alleges, and incorporates by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

**Answer to Complaint No. 88:**  Defendant repeats and incorporates each and every response to the allegations in the foregoing paragraphs as if set forth herein.

**Complaint No. 89:**  FloSports directly infringes (literally and/or under the doctrine of equivalents) the '846 patent by using the method covered by at least claim 1 of the '846 patent.

**Answer to Complaint No. 89:**  Denied.

**Complaint No. 90:**  The FloSports system that infringes one or more claims of the '846 patent includes, but is not limited to, the FloSports Streaming Platform, and any other FloSports network, system, device, and/or service that practices a method for managing streaming of video content as claimed in the '846 patent.

**Answer to Complaint No. 90:**  Denied.

**Complaint No. 91:**  The FloSports Streaming Platform performs a method for managing streaming of video content (e.g., television program or movie) to a client device (e.g., personal computer, mobile device, and/or television). The FloSports Streaming Platform provides the video content to a content distribution network (e.g., content delivery network (CDN)) for storage in a plurality of geographically separated resources (e.g., streaming servers located throughout the United States) of the content distribution network.

**Answer to Complaint No. 91:**  Denied.

**Complaint No. 92:**  On information and belief, the FloSports Streaming Platform dynamically selects one or more advertisement media clips (e.g., targeted advertisement(s)) based on statistical information (e.g., user interest/behavior, demographics) associated with a user of the client device.[9]

**Answer to Complaint No. 92:**  Denied.

**Complaint No. 93:**  A server receives, from the client device (e.g., personal computer, mobile device, and/or television) via a packet-based telecommunication network (e.g., the Internet), signaling (e.g., GET request) to have the stored video content streamed to the client device.

**Answer to Complaint No. 93:**  Denied.

**Complaint No. 94:**  In response to the received signaling, a server transmits to the client device, via the packet-based telecommunication network and in one or more files (e.g. M3U8 file(s)) having a format compatible with a media player on the client device, (i) an identification (e.g., host name) of one or more of the resources (e.g., streaming server(s)) of the content distribution network available to facilitate streaming of one or more segments of the stored video content to the client device, the identification being dependent at least in part on a relationship between a geographic location of the client device and geographic locations of the resources of the content distribution network (e.g., the host name will resolve an IP address of a streaming server of a CDN that is geographically close to the client device), and (ii) an identification (e.g., host name) of an advertising server, the identification of the advertising server being dependent at least in part on a relationship between the geographic location of the client device and a

---

[9] https://webcache.googleusercontent.com/search?q=cache:6Jt88b8sToAJ:https://www
w.flosports.tv/2015/02/27/head-of-advertising-operations/+&cd=3&hl=en&ct=clnk&gl=us

geographic location of the advertising server (e.g., on information and belief, the host name will resolve an IP address of an advertising server that is geographically close to the client device).

**Answer to Complaint No. 94:**  Denied.

**Complaint No. 95:**  The one or more files, when processed by the client device, cause the client device to communicate with the identified one or more resources of the content distribution network and the advertising server to cause the one or more segments of the stored video to be streamed to the client device by the identified one or more resources of the content distribution network and cause the one or more selected advertisement media clips to be streamed from the advertising server to the client device.

**Answer to Complaint No. 95:**  Denied.

**Complaint No. 96:**  SITO has been damaged by the direct infringement of FloSports, and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

**Answer to Complaint No. 96:**  Denied.

**JURY DEMANDED**

**Complaint No. 97:**  Pursuant to Federal Rule of Civil Procedure 38(b), SITO hereby requests a trial by jury on all issues so triable.

**Answer to Complaint No. 97:**  Defendant admits that Plaintiff purports to demand a jury trial.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiffs are entitled to any relief requested in their Prayer for Relief, or any other relief whatsoever.

28

## **AFFIRMATIVE AND ADDITIONAL DEFENSES**

Further answering Plaintiffs' Complaint, Defendant asserts the following affirmative and additional defenses without assuming any burden that it would not otherwise have, including without admitting or acknowledging that it bears the burden of proof as to any of them. Defendant reserves the right to amend its answer with additional defenses as further information is obtained through discovery.

### **First Defense**
### **(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted.

### **Second Defense**
### **(Invalidity)**

Upon information and belief, the '673, '635, '636, '777, '088, '637 and '846 Patents are invalid because they fail to meet the conditions specified in 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

### **Third Defense**
### **(Non-Infringement)**

Defendant has not and does not infringe the '673, '635, '636, '777, '088, '637 and '846 Patents, either directly or indirectly, literally, or under the doctrine of equivalents.

### **Fourth Defense**
### **(35 U.S.C. § 286)**

Plaintiffs' recovery for alleged infringement of the '673, '635, '636, '777, '088, '637 and '846 Patents, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its Complaint pursuant to 35 U.S.C. § 286.

WEST\291280252.1

**Fifth Defense**
**(35 U.S.C. § 287)**

Any claim for damages for patent infringement by Plaintiffs is limited by 35 U.S.C. § 287

to those alleged damages occurring only after the notice of infringement.

**Sixth Defense**
**(Prosecution History Estoppel)**

Plaintiffs' claims are barred in whole or in part by prosecution history estoppel.

**Seventh Defense**
**(Doctrine of Ensnarement)**

Plaintiffs' claims are barred in whole or in part by the doctrine of ensnarement.

**Eight Defense**
**(35 U.S.C. §§ 284, 285)**

Defendant has engaged in all of its activities in good faith, and Plaintiffs cannot prove

that this is an exceptional case justifying enhanced damages under 35 U.S.C. § 284 or an award

of attorneys' fees against Defendant pursuant to 35 U.S.C. § 285.

**Ninth Defense**
**Equitable Doctrines**

Plaintiffs' claims for relief are barred, in whole or in part, by the doctrines of

acquiescence, estoppel, and/or other applicable legal and/or equitable doctrines.

**Tenth Defense**
**(35 U.S.C. § 288 Costs)**

Plaintiffs are precluded by 35 U.S.C. § 288 from recovering costs associated with its

action.

**RESERVATION OF RIGHTS**

Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil

Procedure, the Patent Laws of the United States, and any other defenses, at law and equity, that

WEST\291280252.1

may now or in the future be available based on discovery or any other factual investigation concerning this case or any related action.

### DEFENDANT'S COUNTERCLAIMS FOR DECLARATORY RELIEF

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, FloSports, Inc. ("FloSports"), hereby asserts the following Counterclaims to SITO Mobile R&D IP, LLC and SITO Mobile, Ltd.'s Complaint as follows:

### Nature of the Action

1. This Counterclaim seeks a declaration pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that FloSports does not infringe any valid and enforceable claim of U.S. Patent Nos. 9,026,673, 9,135,635, 9,135,636, 9,350,777, 9,380,088, 10,009,637, and 10,171,846 (the "patents-in-suit") and that the patents-in-suit are invalid.

### Parties

2. FloSports, Inc. is a corporation organized under the laws of the State of Delaware.

3. Based on paragraph 2 of the Complaint, Plaintiff SITO Mobile R&D IP, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 100 Town Square Place, Suite 204, Jersey City, New Jersey 07310.

4. Based on paragraph 3 of the Complaint, SITO Mobile, Ltd. is a company organized and existing under the laws of the State of Delaware with its principal place of business located at 100 Town Square Place, Suite 204, Jersey City, New Jersey 07310.

### Jurisdiction And Venue

5. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1331 and 1338(a), the patent laws of the United States set forth at 35 U.S.C. §§ 101 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6.      Personal jurisdiction over SITO Mobile R&D IP, LLC and SITO Mobile, Ltd. is proper because, *inter alia*, SITO Mobile R&D IP, LLC and SITO Mobile, Ltd. have consented to the personal jurisdiction of this Court by commencing its action for patent infringement in this judicial district.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

## COUNT ONE

### Declaration of Non-Infringement of the '673, '635, '636, '777, '088, '637 and '846 Patents

8.      FloSports incorporates herein and re-alleges, as if fully set forth in this paragraph, the allegations of paragraphs 1 – 7 of the Counterclaims above, inclusive.

9.      By virtue of SITO Mobile R&D IP, LLC and SITO Mobile, Ltd.'s filing of the Complaint herein, an actual controversy exists between FloSports and SITO Mobile R&D IP, LLC and SITO Mobile, Ltd. with respect to the alleged infringement of the '673, '635, '636, '777, '088, '637 and '846 Patents.

10.     FloSports has not and does not infringe the '673, '635, '636, '777, '088, '637 and '846 Patents, either directly or indirectly, literally, or under the doctrine of equivalents.

11.     FloSports is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, literally or under the doctrine of equivalents, any valid, enforceable claim of the '673, '635, '636, '777, '088, '637 and '846 Patents.

## COUNT TWO

### Declaration of Invalidity of the '673, '635, '636, '777, '088, '637 and '846 Patents

12.     FloSports incorporates herein and re-alleges, as if fully set forth in this paragraph, the allegations of paragraphs 1 – 7 of the Counterclaims above, inclusive.

WEST\291280252.1

13.     By virtue of SITO Mobile R&D IP, LLC and SITO Mobile, Ltd.'s filing of the Complaint herein, an actual case or controversy exists between FloSports and SITO Mobile R&D IP, LLC and SITO Mobile, Ltd. regarding the validity of the '673, '635, '636, '777, '088, '637 and '846 Patents.

14.     The claims of the '552 patent are invalid for failure to satisfy one or more of the provisions in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

15.     FloSports is entitled to a judicial declaration and order that the '673, '635, '636, '777, '088, '637 and '846 Patents are invalid.

## DEFENDANT'S DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all issues triable by right of jury.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully prays that judgment be entered in its favor and against Plaintiff as follows:

A.     Enter judgment against Plaintiffs and in favor of Defendant, thereby dismissing Plaintiffs' Complaint with prejudice, and order that Plaintiffs are entitled to no recovery on the Complaint;

B.     Find that Defendant has not infringed and is not infringing any valid claim of the patent-in-suit, either directly or indirectly, contributorily, willfully, or otherwise, and has not induced others to infringe the patent-in-suit;

C.     Find that the claims of the patent-in-suit are invalid;

D.     Find that no damages or royalties are due for any of the acts alleged by Plaintiffs in their Complaint;

33

      E.      Find that this is an exceptional case pursuant to 35 U.S.C. § 285, and award Defendant its attorney fees and full costs of suit; and

      F.      Grant such other further relief as the Court may deem proper and just.

Dated:  August 10, 2020

Respectfully submitted,

By:  */s/Brian K. Erickson*
     John M. Guaragna
     john.guaragna@dlapiper.com
     Texas Bar No. 24043308
     Brian K. Erickson
     brian.erickson@dlapiper.com
     Texas Bar No. 24012594
     **DLA PIPER LLP (US)**
     401 Congress Avenue, Suite 2500
     Austin, TX 78701-3799
     Tel:  512.457.7000
     Fax:  512.457.7001

     ***ATTORNEYS FOR DEFENDANT***
     ***FLOSPORTS, INC.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 10, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.  Any other counsel of record will be served by first class U.S. mail.

     */s/ Brian K. Erickson*
     Brian K. Erickson